UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


JASON BOUDREAU                          :
                                        :
        v.                              :        C.A. No. 16-649S
                                        :
AUTOMATIC TEMPERATURE                   :
CONTROLS, INC., et al.                  :


## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


Pending before me for a report and recommended disposition (28 U.S.C. § 636(b)(1)(B)) are

Defendants' Motions to Dismiss this pro se Complaint.  (Document Nos. 4 at pp. 126-134 and 5).

Plaintiff opposes the Motions.  (Document Nos. 4 at pp. 280-320 and 12).  For the following

reasons, I recommend that Defendants' Motions to Dismiss be GRANTED.

        **Background**

        Plaintiff Jason Boudreau is a former employee of Defendant Automatic Temperature

Controls, Inc. ("ATC").  He was terminated from his employment with ATC on June 24, 2011.  In

this case, he sues ATC, Golden Plains Software, LLC and Russell Turner.  All of Plaintiff's claims

in this case relate to the use of a computer monitoring software program called System Surveillance

Pro ("SSP").  Plaintiff alleges that agents of ATC installed SSP on his work computer and that SSP

was "created and marketed" by Defendants Golden Plains and Turner.

        This is not Plaintiff's first lawsuit in this Court related to SSP.  In 2013, Plaintiff sued the

principals of ATC (Steven, John and Donald Lussier) and its IT Manager (Steven Sorel).  Plaintiff

alleged, inter alia, that these individuals, jointly and severally, violated the Electronic

Communications Privacy Act ("ECPA"), 18 U.S.C. §§2511 and 2520, by using SSP to intercept and

then later by disclosing his electronic communications. On November 30, 2015, Chief Judge Smith entered summary judgment against Plaintiff on his ECPA claim. (See Document No. 254 in Case No. 1:13-CV-00388-S-LDA).

Plaintiff filed the instant action in Rhode Island Superior Court on August 1, 2016. Defendants Golden Plains and Turner moved to dismiss in Superior Court on or about November 9, 2016. They argue that Plaintiff's claims are barred by the applicable statutes of limitations and that the summons served on them by Plaintiff was materially defective. (Document No. 4 at pp. 126-133). Defendant ATC removed the case to this Court on December 8, 2016[1] and subsequently filed its own Motion to Dismiss also arguing that Plaintiff's claims are time-barred, that the summons was "procedurally and substantively defective," and that Plaintiff did not properly serve the Summons and Complaint. (Document Nos. 5 and 5-1).

**Discussion**

After reviewing the parties' submissions, I conclude that all of Plaintiff's claims are untimely and recommend that this case should be dismissed in its entirety on that basis.[2] It is undisputed that Plaintiff's state law claims are all subject to R.I. Gen. Laws § 9-1-14(b) which requires that "[a]ctions for injuries to the person [ ] be commenced and sued within three (3) years next after the cause of action shall accrue, and not after,...." R.I. Gen. Laws § 9-1-14(b); see also Naples v. Acer Am. Corp., 970 F. Supp. 89, 95 (D.R.I. 1997) (Under Rhode Island law, a cause of action accrues, and the statute of limitations begins running, at the time injury occurs). In addition, it is undisputed

---

[1] Defendants Golden Plains and Turner confirmed their prior consent to ATC's removal by notice filed on December 27, 2016. (Document No. 10).

[2] Because I find that this case is undisputably time-barred, I conclude that there is no need to invest the time and resources to consider and make a recommendation on Defendants' alternative procedural grounds for dismissal.

that Plaintiff's federal claims are each subject to a two-year limitations period.  See 18 U.S.C. §§ 2520(e) and 2707(f) (providing that suit "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation").  Here, Plaintiff claims he was injured when his electronic communications were intercepted and disclosed, and he was made aware of that injury at least as of January 24, 2012.  Since he did not file this action until August 1, 2016, it is untimely both as to his state and federal claims.

Defendants argue that Plaintiff's interception claims accrued at the latest on January 24, 2012 when Plaintiff learned about the installation of monitoring software on his ATC work computer.  Thus, they argue that this case is time-barred since it was initiated over four years after Plaintiff was reasonably on notice of his injury and the facts underlying his claims.  Plaintiff disputes that he received sufficient detail on January 24, 2012 to trigger the running of the limitations period.  He counters that ATC fraudulently concealed the underlying facts from him and that, despite his diligence, he did not obtain the necessary details until well into 2014.  Thus, he contends that ATC is estopped from relying on a statute of limitations defense, and that the statute of limitations was tolled due to fraudulent concealment and the discovery rule.  (Document No. 12 at p. 21; see also Hyde v. Roman Catholic Bishop of Providence, 139 A.3d 452, 461 (R.I. 2016) (the discovery rule provides that the statute of limitations does not begin to run until the plaintiff discovers, or with reasonable diligence should have discovered, the wrongful conduct of the defendants).

A common sense review of the record belies Plaintiff's arguments.  ATC installed the SSP on Plaintiff's work computer in June 2011.  When the monitoring software revealed the presence of child pornography on Plaintiff's work computer, ATC contacted law enforcement and terminated

Plaintiff's employment. Plaintiff was arrested and subsequently charged with possession of child pornography.[3]

On January 24, 2012, Mr. Steven Lussier testified in Plaintiff's presence at an unemployment benefits hearing. Mr. Lussier testified that ATC installed monitoring software on the computer and every time Plaintiff clicked on a website, sent an email, opened a program, it was logged and then emailed to him. (Document No. 5-2 at p. 4). Mr. Lussier also testified that he "personally read" the content of certain emails sent by Plaintiff based on the "tracking software." Id. at p. 5. Further, at his deposition on June 6, 2014, Plaintiff testified that he "didn't know that the System Surveillance Pro or any monitoring software or tracking software, whatever you want to call it, was not installed until January 24th when Steve Lussier testified that that's what was on the computer." (Document No. 5-3 at p. 4). Finally, Plaintiff alleges in his Complaint in this case that ATC disclosed the contents of his "intercepted electronic communications" to the Unemployment Hearing Referee on January 24, 2012. (Comp. ¶ 55).

Plaintiff's claim that he did not discover the critical facts of his injuries and their cause until 2014 is disingenuous. Plaintiff testified under oath at his 2014 deposition that he was aware as of January 24, 2012 that the monitoring software had been installed, and he was present when Mr. Lussier unequivocally testified on January 24, 2012 that the software logged "every time" Plaintiff clicked on a website, sent an email or opened a program. Mr. Lussier also testified in Plaintiff's presence that he "personally read" certain emails of Plaintiff due to the presence of the tracking software and disclosed them to law enforcement. Furthermore, on May 28, 2013, Plaintiff filed suit

---

[3] At the time the monitoring software was installed on Plaintiff's work computer, ATC was aware that Plaintiff had a pending criminal charge of second-degree child molestation. Ultimately, Plaintiff pled nolo contendere to that felony charge and a felony charge of possession of child pornography. See State v. Boudreau, K2-2010 -0725A; and P2-2012-0841A.

in this Court alleging violations of the ECPA.  (See Document No. 1 in Case No. 1:13-cv-00388-S-LDA).  In it, despite his current claim that the facts were fraudulently concealed from him until 2014, Plaintiff unequivocally alleged in 2013 that (1) Steve Lussier, John Lussier and Steve Sorel intentionally and unlawfully intercepted and disclosed his electronic communications; (2) Steve Sorel admitted to doing such in a sworn statement on June 24, 2011; and (3) that Steve Lussier admitted to doing such in testimony under oath on January 21, 2012.[4]

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motions to Dismiss Plaintiff's Complaint be GRANTED and that the Court enter Final Judgment in favor of Defendants as to all claims in Plaintiff's Complaint.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 28, 2017

---

[4] It is reasonable to assume that Plaintiff is referring to the January 24, 2012 unemployment hearing at which Plaintiff and Steve Lussier were present.