```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
JASON BOUDREAU,                     )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )    C.A. No. 16-649 S
                                    )
AUTOMATIC TEMPERATURE CONTROLS,     )
INC., et al.                        )
                                    )
     Defendants.                    )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Lincoln D. Almond's Report and Recommendation (ECF No. 40) recommending that Defendants' Motions to Dismiss (ECF No. 4 pp. 126-134; ECF No. 5) be granted.[1] Plaintiff has filed an Objection to that

---

[1] This Complaint was originally filed in state court before being removed to federal court. While pending in state court, Defendants Golden Plains Software and Russell Turner filed a motion to dismiss (ECF No. 4 pp. 126-134) arguing that Plaintiff's claims were barred by the applicable statutes of limitations, and Plaintiff objected to that motion (Id. at 280-320). Before the state court could provide a ruling, the case was removed to federal court at which point the state court record became part of the federal court record. (See ECF No. 4.) Once in federal court, Defendant Automatic Temperature Controls filed a motion to dismiss (ECF No. 5) on substantially the same grounds as the previous motion to dismiss filed by the other Defendants in state court. Plaintiff, once again, opposed that motion (ECF No. 12), and the matter was referred to Magistrate Judge Almond. Magistrate Judge Almond reasonably interpreted the referral to encompass both the motion to dismiss filed in

recommendation. (ECF No. 41.) After reviewing this issue de novo, the Court agrees with part, but not all, of Magistrate Judge Almond's recommendation.

Plaintiff alleges that his former employer and his employer's software company (collectively, "Defendants") monitored Plaintiff's electronic communications in violation of various federal and state laws. (Complaint, ECF No. 4 pp. 1-61.) Plaintiff filed his Complaint on August 1, 2016. Magistrate Judge Almond reviewed the federal and state statutes at issue and determined that they are subject to two- and three-year statute of limitations periods, respectively. Magistrate Judge Almond also found that, by Plaintiff's own admission, Plaintiff was made aware that Defendants were monitoring his electronic communications on January 24, 2012. Because Plaintiff's awareness of Defendants' actions began over three years prior to the filing of the Complaint, Magistrate Judge Almond recommends that the Complaint be dismissed in its entirety based on the applicable statute of limitations periods.

Plaintiff objects to the Report and Recommendation as it pertains to his state-law claims, but does not object to the

---

federal court as well as the motion to dismiss filed in state court. Plaintiff does not object to Magistrate Judge Almond's consideration of the motion to dismiss filed in state court, and the Court will consider the Report and Recommendation on that motion as well as the motion to dismiss filed in federal court.

2

recommendation that his federal claims be dismissed. Absent any objection, the Report and Recommendation is accepted as to the federal claims, which are dismissed with prejudice. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980). The Court is therefore left only to consider whether dismissal of Plaintiff's state-law claims is warranted based on the applicable statute of limitations.

The Report and Recommendation notes that Plaintiff admitted in a deposition that he became aware in January, 2012 that his employer had used some form of electronic surveillance to monitor Plaintiff's communications at work. (R&R 3, ECF No. 40.) Plaintiff contends that he did not know the full extent of his employer's electronic surveillance until November, 2013. For example, Plaintiff claims that he was unaware that his employer monitored his key strokes, took screen shots of his computer, and recorded the contents of his bank accounts. (Pl.'s Obj. to the R&R 2, ECF No. 41.)

Typically, where there are questions of fact regarding when Plaintiff gained sufficient knowledge to begin the statute of limitations period, such questions are not appropriately resolved at the motion to dismiss stage. Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002) ("Where, as here, an order of dismissal is predicated on the statute of limitations, we will

3

affirm only if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.'") (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998). Moreover, because Plaintiff's federal claims have been dismissed, the Court need not exercise jurisdiction over Plaintiff's remaining state-law claims. See 28 U.S.C. § 1367(c)(3). The Court therefore rejects the Report and Recommendation as to Plaintiff's state-law claims and remands this case to state court. The Court provides no opinion as to whether Plaintiff's state-law claims are barred by Rhode Island's applicable statute of limitations.

Lastly, on June 21, 2017, Plaintiff submitted a Motion to Supplement Plaintiff's Objection to the Report and Recommendation. (ECF No. 53.) In that motion, Plaintiff asks the Court to consider the Motion to Amend and Amended Complaint previously filed by Plaintiff in state court. (Id.) Because the remaining state-law claims are being remanded to state court, the Court need not address that issue. Plaintiff's Motion is therefore passed as moot.

As described above, the Report and Recommendation (ECF No. 40) is ACCEPTED IN PART and REJECTED IN PART. The Report and Recommendation is ACCEPTED as it relates to Plaintiff's federal claims, which are DISMISSED WITH PREJUDICE. The Report and Recommendation is REJECTED as it relates to Plaintiff's state-

4

law claims, which are REMANDED to state court. Defendant's Motion to Dismiss (ECF No. 5) is therefore GRANTED as to the federal claims and DENIED WITHOUT PREJUDICE as to the state-law claims. Plaintiff's Motion to Supplement Plaintiff's Objection to the Report and Recommendation (ECF No. 53) is PASSED AS MOOT.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: June 30, 2017